DÁWKINS, J.
Plaintiff seeks to recover for damages to its auto truck. At the time of the accident on December 15,1919, defendant railroad was being operated by the federal Director General of Bailroads. The petition was filed November 30, 1920, and it prayted that service be made upon the company “and the United States Bailroad Administration or Director General of Bail-roads by and through service thereof on John W.- Cousins, legal agent, of the city of New Orleans, * * ;:= ” and service was made upon Cousins accordingly.
December 23, 1920, defendant railroad filed an exception of no cause of action, and the other defendant excepted to the citation on March 18, 1920. Plaintiff amended its petition by praying that service be made upon “the Director General of Bailroads, John Barton Payne, Agent of the -United States appointed by the President of the United States under the provisions of Act of Congress, Feb. 28, 1920, by and through service thereof on John M. Cousins, legal agent of the city of New Orleans. * * * ”
Thereafter, Payne, Agent, pleaded the prescription of one .year provided by article 2315 of the B. O. C. against tort actions,, arid later excepted to the jurisdiction of the court ratione materias.
The exception of no cause of action, was sustained fis to defendant railroad, and it was dismissed from the suit. All other pleas were overruled, and the remaining defendant answered, pleading in substance a general denial, and specifically, contributory neg *236 ligence in plaintiff. From a judgment rejecting its demand on the merits, plaintiff prosecutes this appeal.
Opinion.
Plaintiff concedes that the railroad company was properly dismissed from the suit. The appellee, Agent of thé government, has neither appealed nor answered the appeal; hence we find it unnecessary to consider the special pleas overruled by the court below.
On the merits, we are convinced that the lower judge was correct in his finding that plaintiff, through its chauffeur, was guilty of negligence contributing to the accident. This agent,admits that he proceeded to crank the engine of his truck and only looked or attempted to ascertain if Ms way was clear after getting into the driver’s seat, at a time when the noise of the engine doubtless made it impossible for him to hear the roar of the fast' express train which was approaching only a short distance away. The truck started from- a point only 40 feet from the west or south rail of the first track; the distance from the center of this side track to the center of the main line upon which the train approached was only 14,feet; a train of ears occupied the siding and obstructed his view of the oncoming locomotive, beginning at a point estimated to be 20 to 30 feet from the crossing and extending for several feet south or east on his right; and, as he pulled slowly upon the main line, the closeness of the two tracks and the presence of the freight cars obstructed his view until Ms front wheels were approximately upon the first rail of the main line.
Conceding that no bell was rung or whistle blown, which is disputed, we believe that, if the driver of the truck had listened at a time when he could have heard, and before going upon the track, he would have had warning sufficient to have prevented the collision. Fortunately he saw the train in time to jump off the truck and escape injury, but the truck itself was demolished.
Our conclusion, therefore, is that there was contributory negligence barring recovery, and the judgment appealed from is accordingly affirmed.